IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN B. BELKIN,<br><br>    Plaintiff,<br><br>v.<br><br>BRUCE LEVENSON,<br>ED PESKOWITZ,<br>J. MICHAEL GEARON, JR.,<br>J. RUTHERFORD SEYDEL II,<br>LPF ATLANTA LLC, and<br>SSG GROUP, LLC,<br><br>    Defendants. | Civil Action No. 1:05-cv-11695-RCL |

## MOTION TO REMAND

Pursuant to 28 U.S.C. § 1447(c), Plaintiff Steven B. Belkin ("Plaintiff") hereby moves that this Court remand this action to the Superior Court of the Commonwealth of Massachusetts, Suffolk County, where this action was originally filed. In support of this motion, Belkin states that there is no federal subject matter jurisdiction. More specifically, the $75,000 diversity jurisdiction amount-in-controversy requirement established by 28 U.S.C. § 1332(a) is not satisfied.

Plaintiff brought this action to obtain injunctive relief to prevent his unlawful removal as the sole Governor of the Atlantic Hawks of the National Basketball Association. (See Verified Complaint, ¶1). Based upon the interpretation of certain contract provisions, Plaintiff seeks injunctive relief confirming his rights and protections as Governor; no money damages are sought. Accordingly, the $75,000.00 amount in controversy is not and will not be met.

A defendant seeking removal to federal court has the burden of establishing that subject matter jurisdiction exists with respect to the complaint. Radlo v. Rhone – Poulenc, S.A., 241 F. Supp. 2d 61, 63 (D. Mass. 2002) (citing Tabler Partners I v. Merit Builders, Inc., 987 F.2d 57, 60 (1st Cir. 1993)); See also Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289-90 (10th Cir. 2001) (holding that a removing defendant's claim that the amount-in-controversy requirement is met does not enjoy a presumption of accuracy and that the removing defendant bears the burden of establishing that the requirements for diversity jurisdiction are met).

Defendants have not met their burden of establishing that Plaintiff's claims exceed the amount-in-controversy requirement for diversity jurisdiction. Although not reaching the issue of which standard should apply, the Radlo opinion discussed two possible alternative approaches for judging a removing defendant's claim that the amount-in-controversy requirement is met. The first approach "require[s] a removing defendant to show that there is a legal certainty that the plaintiff's damages, if the claims succeed fully, would rise above the threshold." Id. at 63. Under a second approach, which has been adopted by several other circuits, a removing defendant must show by a preponderance of the evidence that the plaintiff's damages claims satisfy the amount-in-controversy requirement. Id. at 64; See, e.g., Martin, 251 F.3d at 1290 ("Where, as here, the plaintiff's damages are unspecified, courts generally require that a defendant establish the jurisdictional amount by a preponderance of the evidence."); Gibson v. Chrysler Corp., 261 F.3d 927, 933 (9th Cir. 2001); Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir. 2000). The Court in Radlo found that it was not necessary to decide which standard should apply where the removing defendant had not offered enough evidence to

permit a finding that the plaintiff's claim met the amount-in-controversy requirement under either standard.  Radlo, 241 F. Supp. 2d at 64.

Regardless of which approach should apply, Defendants' conclusory allegations that Plaintiff's claims exceed the $75,000 threshold do not satisfy either burden. Defendants offer only the following statement in support of their contention that the amount-in-controversy requirement for diversity jurisdiction is met: "Plaintiff's verified complaint seeks injunctive relief, and has contended that his potential harm exceeds $75,000 and he has placed an amount in controversy far greater than the $75,000 required for diversity jurisdiction purposes under 28 U.S.C. § 1332(a)."  Notice of Removal, ¶ 9. Defendants' statement is both untrue and insufficient to meet their burden of establishing the amount-in-controversy requirement.  Nowhere in the Verified Complaint does Plaintiff "contend[] that his potential harm exceeds $75,000" or place *any* dollar value on the potential harm he would suffer if removed as Governor.  In fact, there is not a single statement in the Verified Complaint, which seeks only injunctive relief, concerning any financial loss.

Defendants make no effort whatsoever to substantiate their conclusory assertion that the value of Plaintiff's claims exceeds $75,000.  Accordingly, Defendants have failed to sustain their burden of establishing compliance with the jurisdictional threshold.

WHEREFORE, Plaintiff hereby requests that this matter be remanded to the Superior Court of the Commonwealth of Massachusetts, Suffolk County.

        STEVEN B. BELKIN
        By his attorneys:

        /s/ John G. Fabiano_____
        John G. Fabiano, Esq. (BBO #157140)
        Neil Jacobs, Esq. (BBO #249300)
        C. Tama Donovan, Esq. (BBO #641292)
        Jared C. Miller, Esq. (BBO #660577)
        Wilmer Cutler Pickering Hale and Dorr LLP
        60 State Street
        Boston, Massachusetts  02109
        Tel: 617-526-6000
        Fax: 617-526-5000

Dated:  August 19, 2005

## LOCAL RULE 7.1 CERTIFICATION

The parties have conferred on this matter pursuant to Local Rule 7.1(A)(2), in a good faith effort to resolve or narrow the issues.
.

        /s/ John G. Fabiano_____